The United States Court of Appeals for the Ninth Circuit is now in session. Thank you. Please be seated. Good morning and welcome to the Ninth Circuit. We have a full house today. I know we have some students joining us, so welcome to the courthouse. We have several matters on our docket this morning. Before we get to that, I want to, on behalf of myself and Judge Mendoza, thank Judge Oliver, who is joining us from the Northern District of Ohio. We welcome you and we're grateful that you're willing to come and help us decide a few cases today. Okay. So we have two matters on the docket that have been submitted on the briefs, and I'll just recite those for the record to start with. Sotoris v. Garland and Kaczynski v. Garland. And then we have four cases that are set for argument. For those of you who are arguing, just one quick reminder. If you're the appellant, the clock time that you're looking at is your full time. So if you want to reserve some time for a rebuttal argument, let us know, and we'll try to give you a signal and help you reserve some time. But you're looking at that full time and need to manage your time accordingly. So our first case for argument is the United States v. Aaron Sibia. This is case 22-10279. We have counsel present, and we start with Ms. Henderson. Good morning. May it please the court. My name is Elise Henderson, and I am here on behalf of appellant Julio Aaron Sibia. I would like to reserve two minutes for rebuttal, and I'll keep an eye on the clock. Thank you. The original judgment of conviction accurately recorded the sentence of the district court, but there are two separate problems with that sentence that I would like to address today. First, a contradiction in the sentence and the district court's remedy under Rule 36, and second, procedural error in imposing a consecutive sentence. So starting with the contradiction in Rule 36, the district court said both that the sentence would start today and that the sentence would run consecutively to an anticipated state sentence. Didn't he change that toward the end of the colloquy that he had on the record with the lawyers? The transcript doesn't show that, Your Honor. When the district court said the sentence would start today, the court explicitly made that part of the pronouncement of sentence. Then the court, at the end of the sentencing hearing, said that the sentence would be consecutive. But there's nothing in the court's pronouncement that chose a consecutive sentence over the sentence starting today. Didn't they discuss when the judge first announced what the sentence would be, didn't they begin a discussion about what the impact of that was, and then the judge finally said that it would be a consecutive sentence without saying anything further about that it would start today? There was a lot of discussion about whether the court needed to say consecutive or concurrent on the record. That discussion, for the most part, focused only on consecutive or concurrent and did not tie in the court's multiple pronouncements of the sentence starting that day. There is one part in the transcript on 1 ER 29 where defense counsel says, Your Honor, if you want the sentence to start today, then you should impose it to be concurrent to the anticipated state sentence. That's the only way for it to actually start today. The government said that's incorrect, and by law the sentence starts today. So the understanding of the parties and the district court was that the sentence could start today and also be consecutive to the anticipated sentence. But, counsel, aren't we trying to really just get at what was the judge's intent here? Isn't it clear, reading the whole transcript, that the judge really wanted to run this consecutive? At least that seems to be what the record shows. But let's put that issue aside for a second. Let's say that we agree with your other point, the point about the mental health evaluation, the specific condition, where you've argued that that was something that was delegated essentially to the probation officer and left outside of the judge's own judgment. Under Nishida, that in and of itself is a basis to reverse and remand. Why don't we just reverse and remand on that point and then just let the judge clarify on the issue of consecutive and concurrent? This court could absolutely do that, Your Honor. For this court's previous cases about supervised release conditions, both Nishida and Montoya, it's been issuing limited remands to only consider the supervised release condition. We believe it would be appropriate in this case to remand for the court to also explain the consecutive versus concurrent statement and the statement that the sentence would begin that day. And for Your Honor's first point about the intent of the district court, I agree that the district court made clear its intent both at the sentencing hearing and in the later proceedings to impose a consecutive sentence. The problem is the court also unequivocally made clear that the sentence would start that day. The court explicitly said this is the sentence of the court, this is the order of the court, the sentence is going to begin today. When the court later took that part of the sentence out of the written judgment, the written judgment no longer conformed to the words that the district court said at the sentencing hearing. Once the 14 days passed to correct that contradiction under Rule 35, the only remedy was for this court on appeal to vacate the sentence and remand for a new sentencing hearing. There is a separate problem with the vacate. I guess I'm a little confused about what would be our authority to do a broader remand in this case. If we remanded to allow the court to revisit the consecutive versus concurrent issue, we've got to find a problem with how it did it before. And the problem you want us to find is it didn't. I understood from the briefing that the argument you were making is the district court didn't adequately explain what it was doing. Is that still your argument? Yes, Your Honor, but it's not just that the district court didn't give reasons under 3553A for imposing a consecutive sentence. The court did. We're not contesting that. The problem with the consecutive sentence is that the court didn't make clear it was starting from the right place, and that's this guideline that says the sentence shall be concurrent. The court, of course, in its discretion, can decide not to apply that guideline. Why is that not just a Scribner's error? Because I could imagine that, you know, these judgments are prepared. I mean, the clerks prepare those judgments ahead of time, and maybe it was some leftover language that was entered. Why can't we just indicate that that was just a Scribner's error? Because the court at the sentencing hearing said those words. So it's not an error where something was included in the written judgment like a supervised release condition. That wasn't said at the sentencing hearing. The court said start today, and the written judgment is supposed to reflect what the court actually said at the sentencing hearing. If we disagree with you about that point and conclude that taking the transcript as a whole, it was clear what the district judge wanted and that that was an error, as Judge Mendoza has mentioned, where does that leave your argument? Well, there's the separate argument about this procedural error, so I'll return to that point. The Rule 36 argument. No, I'm sorry, Your Honor. So the Rule 36 argument is about the amended judgments. We're also making a procedural error about the court imposing a consecutive sentence without explaining that it was starting from the right point, the guideline requiring a concurrent sentence, and providing a reason for not applying that guideline. It seems like to me that would be an important argument for you to address. Okay. Thank you, Your Honor. The court gave reasons under 3553A for imposing a consecutive sentence, but did not acknowledge that this was a special situation under the guidelines because the state conduct was used to increase the offense level by four levels. When the state conduct is used to increase the federal offense level, then the guidelines say the sentences shall run concurrent to avoid double counting. If a district court is going to disagree with that guideline, it needs to provide a reason not just why it thinks a consecutive sentence is appropriate, but why it thinks a consecutive sentence is appropriate in light of the guidelines saying it shall be concurrent. And there's another guideline that provides for a judge in its discretion to impose consecutive or concurrent to reach an appropriate sentence. And it appears from the transcript that the analysis was really under that framework of, in general, why a consecutive sentence was appropriate, but without starting at the correct point and using as a benchmark the guidelines saying shall be concurrent. We don't require the district judges to use magic words or to tick through every technicality when they're doing sentencing. We look at the transcript as a whole, and we also have this sort of presumption that district judges follow the law. So what I'm trying to wrestle with in that argument is the guideline provisions that you're arguing the district court needed to have as the starting place were squarely in front of it in light of the party's arguments. And as I look at the transcript as a whole, the district judge is wrestling with the party's arguments. It's not as though it's completely unaware that this is the legal framework that it's working within. So I'm struggling with that argument that you're making in that context. The district court grappled with the party's arguments in general, why a concurrent or a consecutive sentence was appropriate. And the court does not need to use magic language. There's no script a court needs to follow. But the district court does need to give enough information on the record so this court can be sure that it started from the right place, which is the guideline saying shall be concurrent, and it gave an adequate explanation for not applying that guideline. And the 3553A factors are the ones that it should have followed. Is that right? It could have overlapped with the 3553A factors, Your Honor, the district court's explanation. But the court had to acknowledge the guidelines say shall to avoid this double counting. So under the 3553A factors, there could be a case where the state conduct is so egregious that double counting is appropriate. And the court could have said that this was that type of case, but the court didn't say that. So there's nothing in the record showing that the court actually grappled with this specific guideline as opposed to more generally under the 3553A factors saying why a consecutive sentence was appropriate. We've taken you over your time. I'll make sure that you get a chance for some rebuttal. Thank you, Your Honor. Let's hear from the government. Good morning. May it please the court. Peter Walkingshaw on behalf of the United States. Unless there are any immediate questions from the court, I'd like to begin addressing the defendant's argument that the court did not start with the correct starting benchmark for determining the defendant's sentence. The question for this court is did the court consider the party's arguments regarding the relevant guideline? I think it's more than clear from the record that it did. When the government began its sentencing argument, two sentences into its argument regarding why the sentence should be consecutive, the district court asked the government attorney, wouldn't that be a variance, though? And while the government took a little bit of issue with the semantic use of the choice of the word variance, it acknowledged, the government attorney acknowledged, that in this situation, the guidelines do recommend a concurrent sentence for the federal sentence with the anticipated state sentence. But I think what counsel is indicating that the judge wasn't explicit with that. That's her last argument, which might be her strongest argument, that the judge didn't specifically say, okay, I know the guidelines say it's to run consecutive, and I'm going to apply the 3553 factors, I'm going to run them consecutive, I should say. Well, Your Honor, I think there are a few points here. In terms of determining whether or not an explanation is sufficient, what the Supreme Court has said is that the district court needs to assure this court that it's considered the party's arguments and that it has set forth a reasoned basis for its exercise of decision-making authority. And in this case, the district court clearly heard the party's arguments about consecutive versus concurrent. It took up the bulk of the party's actual sentencing presentation. But they have to partake of the 3553A factors, even though they may not have to be done precisely. Isn't that correct? Certainly, Your Honor. I think in this case what the court did was, and again the Supreme Court has said that the brevity of the explanation really does depend on the circumstances, it took in the party's arguments and then it first, when addressing defense counsel, made it clear that it felt that the federal possession case was a separate crime from the state court shooting. And he returned to that in his final pronouncement of sentence at the conclusion of the hearing, which is on 1ER35, reiterating that he felt that these were two separate crimes deserving of separate punishment. He thought that a 14-month consecutive sentence was sufficient to address just the simple possession. And it's very clear from Supreme Court precedent cited in our response to the second 28J letter, that in cases where district judges disagree with the policy set forth in a guideline, they are free to depart from them in searching a just sentence for the particular case at hand. It's very clear from the record that that is what this district court judge was striving to do throughout this entire sentencing hearing. He went back and forth on a few issues, particularly on the issue of whether or not the sentence would start today, in part to try and address whether or not the defendant would receive adequate credit for time served in pretrial state custody. Well, what about the argument that, I mean, I think that's a fair characterization, what you've just said, that what the district judge wanted to do was pretty clear, but the district judge was struggling with how to do it. And so the transcript is a little bit murky and messy in terms of he was just struggling with how do I accomplish this thing that I want to accomplish. So what about the defense's argument about why don't we just include that in the remand and let the district court be clearer again? Well, Your Honor, I think Your Honor's earlier question to defense counsel I think really gets to the heart of the matter, which is when this court issues instructions on remand, it needs a legal basis for its orders. In this case, vacating the amendment. Maybe the lack of clarity. Well, Your Honor, the basis for the appeal in this case is that Rule 36 is inappropriate because it was, according to the defense, not a clerical error. Now, we disagree with that. There's an explicit finding on page 4 of the record by the district court that it was a clerical error. The fact that the judgment was initially unclear, it's not unclear anymore. That language has been excised. And so the question for this court is, was the judgment properly amended to reach what is now an unambiguous consecutive sentence that clearly reflects the intent of the district court? At this point, there really is no lack of clarity to rectify because the district court did that through its entirely proper Rule 36 procedure. So your position is we would have to disagree that it's a clerical error under Rule 36 to get there? That is our position, Your Honor. But if we decided, put aside the clerical error, if we decided that the judge didn't, assuming consecutive sentence, that the judge didn't properly enunciate that sentence, the underpinnings for the sentence, by considering, fully considering or articulating reasoning based on 3553A factors, that would require reversal, wouldn't it? If you agree with the defendant's argument that the sentence was not adequately explained, then, yes, Your Honor, that is a basis for reversal, certainly. Again, I would reiterate, I think it's very clear from the record here that the judge put forward the reasons for his decision, and those reasons are valid. They're not as clear as they could be, you would imagine. I think that's almost always true in sentencing hearings, though, Your Honor. I think, you know. You say they're very clear, so I just said, that's why I asked the question. I think there's almost always room for improvement, but I think there's really no ambiguity as to what was going on in the judge's mind here. He put so much of his thinking explicitly into the record over the course of the hearing. I'm certainly happy to answer any more questions for the Court, but if there are no further, I'm happy to yield my time. All right, thank you, Counsel. Thank you very much. All right, I'll give you a minute and a half. And I guess I have a question that just ran out of the gate, and I've lost my place, but hold on one second. All right, so coming to your argument about there wasn't a sufficient explanation for what he was doing to overcome the presumption, I read R. Shouse's case as saying that there's two ways that a district court can give the reasoning that it needs to to overcome the presumption of concurrent sentences. One, specifically justify its choice between concurrent and consecutive sentences, or two, clearly explain its choice of the sentence in reference to the 3553A factors. I think you've argued two, but it seems to me that one applies here, because the district court was pretty clear why it preferred consecutive over concurrent. So Shouse is dealing with a different guidelines provision that leaves it in the discretion of the district court under the 3553A factors whether to impose a concurrent or consecutive sentence. The essence of that guideline is if a concurrent sentence adequately addresses the need for punishment and is a reasonable sentence, then it shall be concurrent. But the trigger for that shall language is all in the discretion of the district court under the 3553A factors. So the court's decision under that guideline is going to overlap completely with its consideration of the 3553A factors, and that's why this court in Shouse said that the court doesn't need to do more. Here, the guideline itself, setting aside Booker, does not leave anything to the discretion of the district court. If certain factual predicates are present, then the sentence shall be concurrent. And those are present here. So what this court said in Armstead is when this guideline applies, the district court needs to make clear that it's starting from that guideline and not applying it as a variance. So the government, in its argument, mentioned the colloquy with the judge where the judge asked, would this be a variance? And the government said no. That's incorrect, and everything that happened after that colloquy shows that the district court was considering the consecutive sentence under this other framework that's much broader and gives much more discretion than the guideline that actually applies here. And that also goes to the government's point that this was a recommendation in the guidelines. It's not a recommendation. The guidelines require a concurrent sentence, and if a district court is going to disagree, it needs to explain why and not just why a consecutive sentence is appropriate. All right, we've taken you over again. Do I have any more questions from the panel? We would ask that this court reverse. Thank you. All right, I thank counsel in this matter for your helpful arguments. The case of the United States v. Aaron Sibbia is submitted.
judges: FORREST, MENDOZA, Oliver